FILED

2016 JAN 26 AM 9:50

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>DOMINICK PALAZZO,<br><br>                Defendant. | **INFORMATION**<br><br>CASE NO: **1:16CR 21**<br><br>JUDGE **JUDGE GWIN**<br><br>Title 18, United States Code §§ 1349 and 1956(h)<br><br>**MAG. JUDGE BAUGHMAN** |

The United States Attorney charges:

### General Allegations

At all times material and relevant to this Information:

1. Joseph M. Palazzo, who is named but not charged herein ("Joe Palazzo"), was a resident of Independence, Ohio, which was located in the Northern District of Ohio, Eastern Division. Joe Palazzo was employed by the Cuyahoga Heights School District (the "District") as its Information Technology ("IT") Director. In that capacity, Joe Palazzo was responsible for managing the District's IT Department, and his responsibilities included purchasing hardware and software and making other IT expenditures to benefit the District and its students.

2. Defendant DOMINICK PALAZZO was Joe Palazzo's brother. DOMINICK PALAZZO was the owner of "Forte Promotions Group, Inc." ("Forte Promotions"), an Ohio

2

corporation that he originally established under another name to provide talent and promotional services to third parties, and which he used for other purposes, as described herein. At Joe Palazzo's suggestion, DOMINICK PALAZZO also incorporated two other Ohio-based entities, "Laptops and More, Inc." ("Laptops") and "Impact Global LLC" ("Impact Global"). DOMINICK PALAZZO established corporate bank accounts for all three companies.

3. David Donadeo, also known as David A. Rupp, who is named but not charged herein, was a personal friend of Joe Palazzo and DOMINICK PALAZZO. At Joe Palazzo's suggestion, Donadeo incorporated an Ohio-based corporation called "DDR Technology Co." ("DDR Technology"), and also established one or more related corporate bank accounts.

4. Dennis Boyles, who is identified but not charged herein, was a personal friend and former business partner of DOMINICK PALAZZO. At the suggestion of Joe Palazzo and DOMINICK PALAZZO, Boyles incorporated "Macwin-Protocol Technology Services, Inc." ("Macwin-Protocol"), and established one or more related corporate bank accounts.

5. The Jump Yard was a children's recreational and party center business offering inflatable play structures and various games. It was opened and operated by DOMINICK PALAZZO and Donadeo in North Royalton, Ohio.

The United States Attorney further charges:

### COUNT 1
**(Conspiracy to Commit Mail Fraud, 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1349)**

6. Paragraphs 1 through 5 of this Information are realleged and incorporated by reference as if fully set forth herein.

7. From on or about January 6, 2007, and continuing through on or about February 14, 2011, in the Northern District of Ohio, Eastern Division, and elsewhere, Joe Palazzo, DOMINICK

3

PALAZZO, David Donadeo, and Dennis Boyles, did knowingly and intentionally combine, conspire, confederate, and agree together and with each other to commit offenses against the United States of America, that is, to devise and intend to devise a scheme and artifice to defraud the District and to obtain money and property from it by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud, knowingly placed or cause to be placed in any post office and authorized depository for mail matter, any matter or thing, to be delivered by the Postal Service and any private and commercial interstate mail carrier according to the direction thereon, in violation of Title 18, United States Code, Section 1341.

## Object of the Conspiracy

8. The object of the conspiracy was to divert millions of dollars of District funds to personal use by submitting to the District for payment false invoices that purported to be for goods and services purchased by the District's IT Department to benefit the District from legitimate companies when, in truth and in fact, those companies were owned by various coconspirators, were used as "shells," and did not in fact supply such goods to or perform such services for the District.

## Manner and Means

9. It was part of the conspiracy that DOMINICK PALAZZO, David Donadeo, and Dennis Boyles incorporated various companies in the State of Ohio that did not in fact manufacture, supply, or sell any goods or services; and that DOMINICK PALAZZO, who incorporated the predecessor company to Forte Promotions to provide promotional and talent services to third parties, changed the company's name to "Forte Promotions" and used it in connection with claims that Forte Promotions had manufactured, supplied, or sold goods or

4

services to the District when in fact it had not. (These companies are collectively referred to herein as "Shell Vendor Companies.")

10. It was further part of the conspiracy that Joe Palazzo prepared false invoices stating that the Shell Vendor Companies had provided IT-related goods and services to the District when, in fact, the Shell Vendor Companies had not provided the District with the goods and services reflected in those invoices.

11. It was further part of the conspiracy that Joe Palazzo represented that the invoices were legitimate and approved the false invoices himself or forged the signature of another in the approval section. These invoices – which often contained vague descriptions and misspellings of the items or services purportedly purchased, and fictitious descriptions of nonexistent hardware and software – were for services never performed, fictitious software and hardware, and software and hardware never received or already purchased by the District from another source. Joe Palazzo submitted the false invoices to the District for payment, and caused checks to be issued to the Shell Vendor Companies.

12. It was further part of the conspiracy that Joe Palazzo delivered to DOMINICK PALAZZO, Donadeo, and Boyles District checks made payable to the Shell Vendor Companies.

13. It was further part of the conspiracy that DOMINICK PALAZZO, Donadeo, and Boyles established bank accounts in the names of the Shell Vendor Companies to receive the stolen funds.

14. It was further part of the conspiracy that DOMINICK PALAZZO, Donadeo, and Boyles deposited District checks into the Shell Vendor Companies' bank accounts, kept approximately half the stolen funds for their own personal use, and returned the remainder of the stolen funds to Joe Palazzo via check or cash for his personal use.

5

15. It was further part of the conspiracy that between on or about January 12, 2007, and in or around January 2011, Joe Palazzo caused the District to issue more than 60 checks totaling approximately $526,859.00 to Forte Promotions for products and services the District never received.

16. It was further part of the conspiracy that between on or about January 12, 2007, and in or around January 2011, DOMINICK PALAZZO deposited more than 60 checks totaling approximately $526,859.00 into Forte Promotions' business bank accounts at National City Bank ("NCB")[1] and Chase Bank.

17. It was further part of the conspiracy that between in or around September 2007 and in or around January 2011, Joe Palazzo caused the District to issue more than 150 checks totaling approximately $1,629,472.36 to Laptops for products and services the District never received.

18. It was further part of the conspiracy that between in or around September 2007 and in or around January 2011, DOMINICK PALAZZO deposited more than 150 checks totaling approximately $1,629,472.36 into Laptop's business bank accounts at NCB and Chase Bank.

19. It was further part of the conspiracy that between in or around April 2008 and in or around December 2010, Joe Palazzo caused the District to issue more than 30 checks totaling approximately $260,167.22 to Macwin-Protocol for products and services the District never received.

20. It was further part of the conspiracy that between in or around April 2008 and in or around December 2010, Boyles deposited more than 30 checks totaling approximately $260,167.22 into Macwin's US Bank business bank account.

---

[1] PNC Bank purchased NCB in October 2008, but all processing of NCB account information and financial transactions remained the same until on or about July 26, 2010, at which time PNC Bank closed all NCB branch offices in the Northern District of Ohio and reopened them as PNC Bank branch offices. As used herein, "NCB" refers to the bank entity that existed any time on or before July 26, 2010.

21.     It was further part of the conspiracy that between in or around January 2009 and in or around January 2011, Joe Palazzo caused the District to issue more than 70 checks totaling approximately $648,035.37 to DDR Technology for products and services the District never received.

22.     It was further part of the conspiracy that between in or around January 2009 and in or around January 2011, Donadeo deposited more than 70 checks totaling approximately $648,035.37 into DDR Technology's US Bank business bank account.

23.     It was further part of the conspiracy that between on or about August 12, 2009, and on or about December 28, 2010, Joe Palazzo caused the District to issue more than 30 checks totaling approximately $268,913.40 to Impact Global for products and services the District never received.

24.     It was further part of the conspiracy that between on or about August 12, 2009, and on or about January 3, 2011, DOMINICK PALAZZO and Donadeo deposited more than 30 checks totaling approximately $268,913.40 into Impact Global's Chase Bank business bank account.

## Acts In Furtherance of the Conspiracy

25.     In or around January 2007, DOMINICK PALAZZO renamed a promotions business, which he had previously established, as Forte Promotions.

26.     In or around August 2007, DOMINICK PALAZZO incorporated Laptops.

27.     In or around February 2008, Boyles incorporated Macwin-Protocol.

28.     In or around January 2009, Donadeo incorporated DDR Technology.

29.     In or around April 2009, DOMINICK PALAZZO incorporated Impact Global.

7

30. On or about May 8, 2009, Donadeo and DOMINICK PALAZZO filed a Statutory Agent registration for Impact Global changing its Statutory Agent to Donadeo.

31. The following chart reflects examples of the fraudulent checks obtained and deposited in furtherance of this scheme:

| District Check No. | Related Purchase Order No. | Deposit Date | Amount | Check Payee | Bank of Deposit |
|---|---|---|---|---|---|
| 67683 | 49472 | 11/8/2007 | $7,245.00 | Laptops | NCB |
| 68323 | 49850 | 1/18/2008 | $7,500.00 | Forte Promotions | NCB |
| 71543 | 51790 | 1/8/2009 | $31,400.00 | Laptops | NCB |
| 72132 | 52157 | 3/12/2009 | $6,816.00 | DDR Technology | US Bank |
| 72403 | 52381 | 4/16/2009 | $16,368.00 | Laptops | NCB |
| 73163 | 2010172 | 7/21/2009 | $11,760.00 | Forte Promotions | Chase Bank |
| 73716 | 57001 | 9/21/2009 | $17,136.00 | Impact Global | Chase Bank |
| 73718 | 57003 | 9/18/2009 | $8,388.00 | Macwin-Protocol | US Bank |
| 74317 | 57311 | 11/5/2009 | $8,388.00 | Macwin-Protocol | US Bank |
| 74555 | 57439 | 12/10/2009 | $14,940.00 | Impact Global | Chase Bank |
| 74554 | 57438 | 1/4/2010 | $13,188.00 | DDR Technology | US Bank |
| 74800 | 57561 | 12/24/2009 | $17,849.99 | DDR Technology | US Bank |
| 75044 | 57744 | 1/22/2010 | $24,838.00 | Impact Global | Chase Bank |
| 76005 | 58024 | 3/18/2010 | $9,599.68 | Macwin-Protocol | US Bank |
| 77859 | 59077 | 10/27/2010 | $9,800.00 | DDR Technology | US Bank |
| 78795 | 59464 | 1/19/2011 | $9,630.00 | Laptops | Chase Bank |
| 78796 | 59463 | 1/24/2011 | $7,300.00 | Forte Promotions | Chase Bank |

### The Use of the U.S. Mail

32. On or about the dates listed below, Joe Palazzo, DOMINICK PALAZZO, David Donadeo, and Dennis Boyles, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, caused documents to be delivered and sent through the United States mail to and from the Northern District of Ohio and elsewhere, including the following:

| Date | Description of Document | Recipient |
|---|---|---|
| 1/6/2007 | Amendment by Shareholders or Members to Articles of Incorporation for Forte Promotions | Ohio Secretary of State |
| 1/8/2007 | State of Ohio Certificate of Amendment by Shareholders or Members to Articles of Incorporation for Forte Promotions | Ducato & Koesel, Inc. |
| 4/26/2007 | Initial Articles of Organization for Impact Global, a domestic LLC | Ohio Secretary of State |
| 4/27/2007 | State of Ohio Certificate of Organization as a domestic LLC for Impact Global | DOMINICK PALAZZO |
| 8/21/2007 | Initial Articles of Incorporation for Laptops | Ohio Secretary of State |
| 8/22/2007 | State of Ohio Certificate of Incorporation for Laptops | Forte Promotions Group / DOMINICK PALAZZO |
| 2/9/2008 | Initial Articles of Incorporation for Macwin-Protocol | Ohio Secretary of State |
| 2/11/2008 | State of Ohio Certificate of Incorporation for Macwin-Protocol | Dennis Boyles |
| 1/10/2009 | Initial Articles of Incorporation for DDR Technology | Ohio Secretary of State |
| 1/12/2009 | State of Ohio Certificate of Incorporation for DDR Technology | David Donadeo |
| 5/7/2009 | Statutory Agent Update form for Impact Global | Ohio Secretary of State |
| 5/8/2009 | State of Ohio Certificate reflecting updated Statutory Agent for Impact Global | David Donadeo / DOMINICK PALAZZO |
| 9/22/2009 | Fictitious Name/Original Filing for Impact Global, dba The Jump Yard | Ohio Secretary of State |
| 9/23/2009 | State of Ohio Certificate reflecting The Jump Yard Fictitious Name filing | Legalzoom.com, Inc. |

33. As a result of the foregoing conspiracy and fraudulent conduct, the District was defrauded and sustained a total loss of at least $3,333,448.

All in violation of Title 18, United States Code, Section 1349.

9

The United States Attorney further charges:

## COUNT 2
### (Money Laundering Conspiracy, 18 U.S.C. § 1956(h))

34. Paragraphs 1 through 5 and 9 through 32 of this Information are realleged and incorporated by reference as if fully set forth herein.

35. From on or about January 12, 2007, through on or about February 11, 2011, in the Northern District of Ohio, Eastern Division, and elsewhere, Joseph M. Palazzo, DOMINICK PALAZZO, David Donadeo, and Dennis Boyles did knowingly and voluntarily, conspire, combine, confederate, and agree together and with each other to knowingly and intentionally conduct and attempt to conduct a series of financial transactions affecting interstate commerce, which transactions involved the proceeds from a specified unlawful activity: that is, mail fraud, in violation of Title 18, United States Code, Section 1341, knowing that the transactions involved the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole or in part to conceal the nature, location, source, ownership, or the control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### Object of the Conspiracy

36. The object of the conspiracy was to disguise the ultimate recipients of funds stolen from the District that were the proceeds of mail fraud and a conspiracy to commit the same by depositing such funds into the bank accounts of the Shell Vendor Corporations and using those accounts (A) to pay personal expenditures of the co-conspirators and withdraw cash and issue checks from those accounts for the benefit of the co-conspirators, and (B) to issue checks and otherwise transfer funds from those accounts to start and operate The Jump Yard.

10

## Manner and Means

37. It was part of the conspiracy that DOMINICK PALAZZO, Donadeo, and Boyles established bank accounts at various financial institutions on behalf of the Shell Vendor Companies.

38. It was further part of the conspiracy that DOMINICK PALAZZO, Donadeo, and Boyles deposited District checks that were the proceeds of mail fraud into the Shell Vendor Companies' bank accounts.

39. It was further part of the conspiracy that DOMINICK PALAZZO, Donadeo, and Boyles paid for personal items, withdrew cash, and issued checks from the Shell Vendor Companies' bank accounts for their own benefit and that of Joe Palazzo, each receiving approximately fifty percent of the stolen funds.

40. It was further part of the conspiracy that Joe Palazzo deposited the checks he received from the Shell Vendor Companies into various bank accounts that he controlled or negotiated the checks for cash.

41. It was further part of the conspiracy that, between on or about January 12, 2007, and in or around January 2011, DOMINICK PALAZZO deposited more than 60 checks, which were the proceeds of funds fraudulently obtained from the District totaling approximately $526,859.00, into Forte Promotions' business bank accounts at NCB and Chase Bank to conceal the illegal nature of such funds and to avoid detection by law enforcement.

42. It was further part of the conspiracy that, between on or about October 21, 2007, and on or about January 14, 2011, Joe Palazzo and DOMINICK PALAZZO caused Forte Promotions to issue checks totaling approximately $115,180.75 to Joe Palazzo.

11

43. It was further part of the conspiracy that between approximately September 2007 and January 2011, DOMINICK PALAZZO deposited more than 150 checks, which were the proceeds of funds fraudulently obtained from the District totaling approximately $1,629,472.36, into Laptop's business bank accounts at NCB and Chase Bank to conceal the illegal nature of such funds and to avoid detection by law enforcement.

44. It was further part of the conspiracy that between on or about September 7, 2009, and on or about January 14, 2011, Joe Palazzo and DOMINICK PALAZZO caused Laptops to issue checks totaling approximately $660,820.57 to Joe Palazzo.

45. It was further part of the conspiracy that between approximately January 2009 and January 2011, Donadeo deposited more than 70 checks, which were the proceeds of funds fraudulently obtained from the District totaling approximately $648,035.37, into DDR Technology's US Bank business bank account to conceal the illegal nature of such funds and to avoid detection by law enforcement.

46. It was further part of the conspiracy that between on or about January 30, 2009 and on or about January 14, 2011, Joe Palazzo and Donadeo caused DDR Technology to issue checks totaling approximately $350,784.00 to Joe Palazzo.

47. It was further part of the conspiracy that between approximately April 2008 and December 2010, Dennis Boyles deposited more than 30 checks, which were the proceeds of funds fraudulently obtained from the District totaling approximately $260,167.22, into Macwin-Protocol's US Bank business bank account to conceal the illegal nature of such funds and to avoid detection by law enforcement.

12

48.	It was further part of the conspiracy that between on or about April 5, 2008, and on or about December 21, 2010, Joe Palazzo and Dennis Boyles caused Macwin-Protocol to issue checks totaling approximately $118,621.04 to Joe Palazzo.

49.	It was further part of the conspiracy that DOMINICK PALAZZO and Donadeo issued IRS Form 1099 Statements to Joe Palazzo falsely indicating that he had performed services for Laptops, Forte Promotions, and DDR Technology of a kind and in a quantity sufficient to support payments to Joe Palazzo in the amounts of the checks issued to him from the bank accounts of the respective Shell Vendor Companies and that he was being paid for such services with legitimate funds.

50.	It was further part of the conspiracy that Joe Palazzo claimed on his tax returns the amounts funneled to him through the Shell Vendor Companies to make it appear as though the funds he received were legitimate income.

51.	It was further part of the conspiracy that DOMINICK PALAZZO and Donadeo used funds diverted from the District to Impact Global to open and operate The Jump Yard.

52.	It was further part of the conspiracy that between on or about August 12, 2009, and on or about January 3, 2011, DOMINICK PALAZZO and Donadeo deposited more than 30 checks, which were the proceeds of funds fraudulently obtained from the District totaling approximately $268,913.40, into Impact Global's Chase Bank business bank account to conceal the illegal nature of such funds and to avoid detection by law enforcement.

13

## Acts In Furtherance of the Conspiracy

### A. Forte Promotions

53. On or about December 1, 2007, Joe Palazzo caused the District to issue check number 68168, dated December 1, 2007, in the amount of $8,645.00, made payable to Forte Promotions.

54. On or about December 27, 2007, DOMINICK PALAZZO wrote check No. 4565, dated December 27, 2007, and drawn on the NCB account of Forte Promotions, in the amount of $4,323.00, made payable to Joe Palazzo.

55. On or about January 11, 2010, Joe Palazzo caused the District to issue check number 74882, dated January 11, 2010, in the amount of $8,900.00, made payable to Forte Promotions.

56. On or about January 11, 2010, DOMINICK PALAZZO wrote check No. 8802, dated January 11, 2010, and drawn on the Chase Bank account of Forte Promotions, in the amount of $4,450.00, made payable to Joe Palazzo.

57. On or about December 15, 2010, Joe Palazzo caused the District to issue check number 78309, dated December 15, 2010, in the amount of $9,000.00, made payable to Forte Promotions.

58. On or about December 15, 2010, DOMINICK PALAZZO wrote check No. 10707, dated December 15, 2010, and drawn on the Chase Bank account of Forte Promotions, in the amount of $4,500.00, made payable to Joe Palazzo.

### B. Laptops

59. On or about August 31, 2007, Joe Palazzo caused the District to issue check number 67005, dated August 31, 2007, in the amount of $9,120.00, made payable to Laptops.

14

60. On or about September 7, 2007, DOMINICK PALAZZO wrote check No. 992, dated September 7, 2007, and drawn on the NCB account of Laptops, in the amount of $4,560.00, made payable to Joe Palazzo.

61. On or about March 18, 2009, Joe Palazzo caused the District to issue check number 72268, dated March 18, 2009, in the amount of $9,465.00, made payable to Laptops.

62. On or about March 18, 2009, DOMINICK PALAZZO wrote check No. 1260, dated March 18, 2009, and drawn on the NCB account of Laptops, in the amount of $4,732.00, made payable to Joe Palazzo.

63. On or about November 16, 2010, Joe Palazzo caused the District to issue check number 78042, dated November 16, 2010, in the amount of $9,204.00, made payable to Laptops.

64. On or about November 16, 2010, DOMINICK PALAZZO wrote check No. 1472, dated November 16, 2010, and drawn on the Chase Bank account of Laptops, in the amount of $4,600.00, made payable to Joe Palazzo.

### C. DDR Technology

65. On or about February 27, 2009, Joe Palazzo caused the District to issue check number 72017, dated February 27, 2009, in the amount of $6,459.00, made payable to DDR Technology.

66. On or about February 27, 2009, Donadeo wrote check No. 1003, dated February 27, 2009, and drawn on the US Bank account of DDR Technology, in the amount of $3,229.50, made payable to Joe Palazzo.

67. On or about January 7, 2010, Joe Palazzo caused the District to issue check number 74844, dated January 7, 2010, in the amount of $7,620.00, made payable to DDR Technology.

15

68. On or about January 11, 2010, Donadeo wrote check No. 1057, dated January 11, 2010, and drawn on the US Bank account of DDR Technology, in the amount of $3,810.00, made payable to Joe Palazzo.

69. On or about January 14, 2011, Joe Palazzo caused the District to issue check number 78797, dated January 14, 2011, in the amount of $6,800.00, made payable to DDR Technology.

70. On or about January 14, 2011, Donadeo wrote check No. 1103, dated January 14, 2011, and drawn on the US Bank account of DDR Technology, in the amount of $3,400.00, made payable to Joe Palazzo.

### D. Impact Global

71. On or about June 22, 2009, DOMINICK PALAZZO opened a business bank account for Impact Global at Chase Bank and deposited check No. 1140 in the amount of $100, made payable to Impact Global, which DOMINICK PALAZZO issued from Laptops' NCB business bank account.

72. On or about August 12, 2009, Joe Palazzo caused the District to issue check number 73343, dated August 12, 2009, in the amount of $7,268.00, made payable to Impact Global.

73. On or about August 12, 2009, DOMINICK PALAZZO and Donadeo caused District check number 73343 to be deposited into Impact Global's Chase Bank business bank account.

74. On or about August 21, 2009, DOMINICK PALAZZO and Donadeo caused Impact Global to issue from its Chase Bank business bank account check No. 1001, in the amount

16

of $1,000, made payable to an architecture firm to pay for architectural drawings for a playground facility project at The Jump Yard's location.

75. On or about August 31, 2009, Joe Palazzo caused the District to issue check number 77316, dated August 31, 2009, in the amount of $9,600.00, made payable to Impact Global.

76. On or about September 16, 2009, DOMINICK PALAZZO and Donadeo caused Impact Global to pay $184 to Legalzoom.com via a debit card purchase from Impact Global's Chase Bank business bank account for legal document drafting services in relation to The Jump Yard.

77. On or about September 23, 2009, Donadeo made a filing with the Ohio Secretary of State that registered The Jump Yard as a fictitious name for Impact Global and listed Impact Global as The Jump Yard's registered agent.

78. On or about October 27, 2009, DOMINICK PALAZZO and Donadeo caused Impact Global to issue check No. 1012, in the amount of $3,500, made payable to the property owner of The Jump Yard's location, with a notation in the memo line stating "Rent Nov."

79. On or about January 19, 2010, DOMINICK PALAZZO and Donadeo caused Impact Global to issue check No. 1014, in the amount of $144.91, made payable to a freight company, with a notation in the memo line stating "Delivery Inflatable."

80. On or about December 28, 2010, Joe Palazzo caused the District to issue check number 78424, dated December 28, 2010, in the amount of $5,812.00, made payable to Impact Global.

17

81. On or about January 3, 2011, DOMINICK PALAZZO and Donadeo caused District check number 78424 to be deposited into Impact Global's Chase Bank business bank account.

### E. Macwin-Protocol

82. On or about October 30, 2008, Joe Palazzo caused the District to issue check number 70941, dated October 30, 2008, in the amount of $8,249.50, made payable to Macwin-Protocol.

83. On or about November 3, 2008, Boyles wrote check No. 1021, dated November 3, 2008, and drawn on the US Bank account of Macwin-Protocol, in the amount of $4,125.25, made payable to Joe Palazzo.

84. On or about August 31, 2009, Joe Palazzo caused the District to issue check number 73516, dated August 31, 2009, in the amount of $6,158.28, made payable to Macwin-Protocol.

85. On or about September 3, 2009, Boyles wrote check No. 1033, dated September 3, 2009, and drawn on the US Bank account of Macwin-Protocol, in the amount of $3,079.14, made payable to Joe Palazzo.

86. On or about November 30, 2010, Joe Palazzo caused the District to issue check number 78173, dated November 30, 2010, in the amount of $7,152.00, made payable to Macwin-Protocol.

87. On or about December 2, 2010, Boyles wrote check No. 1058, dated December 2, 2010, and drawn on the US Bank account of Macwin-Protocol, in the amount of $3,576.00, made payable to Joe Palazzo.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE RELATING TO COUNT 1

88. The allegations of Count 1 are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). As a result of the foregoing offense, defendant DOMINICK PALAZZO shall forfeit to the United States all property, real and personal, which constitutes, or is derived from, proceeds traceable to the commission of Count 1; including, but not limited to, the following:

    (a)    $25,409.53 seized from Chase Bank Account #xxxxx8051.

    (b)    MONEY JUDGMENT: defendant DOMINICK PALAZZO shall forfeit property, including, but not limited to, a sum of money equal to the proceeds of Count 1.

## FORFEITURE RELATING TO COUNT 2

89. The allegations of Count 2 are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(1). As a result of the foregoing offense, defendant DOMINICK PALAZZO shall forfeit to the United States all property, real and personal, involved in such offense, and all property traceable to such property; including, but not limited to, the following:

    (a)    $25,409.53 seized from Chase Bank Account #xxxxx8051.

## SUBSTITUTE PROPERTY

90. In the event that any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a) (1), as a result of any act or omission of the defendant:

    (a)    cannot be located upon exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third party;

19

    (c)    has been placed beyond the jurisdiction of this Court;

    (d)    has been substantially diminished in value; or,

    (e)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) [as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1) ], to seek forfeiture of any other property of the defendant, up to an amount equivalent to the value of the forfeitable property described above; including, but not limited to, the following:

    (a)    $18,000.00 - which constitutes the total amount of payments defendant DOMINICK PALAZZO made to the United States (particularly, the checks were made payable to the United States Department of the Treasury) between approximately December 2011 and January 2013. This $18,000.00 was paid pursuant to an Agreement entered into between the United States, defendant DOMINICK PALAZZO, and Extreme Marketing & Promotions, Inc. (an entity solely owned and operated by defendant DOMINICK PALAZZO).

ROBERT BULFORD, ATTORNEY IN CHARGE
AKRON BRANCH OFFICE