IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-021 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| DOMINICK PALAZZO, | ) | |
| | ) | |
| Defendant. | ) | **FINAL ORDER OF FORFEITURE** |

It appears to the Court that proper proceedings for the issuance of this Final Order of
Forfeiture have been had in this case as follows:

1.      By the Preliminary Order of Forfeiture (Dkt. No. 13), filed on February 23, 2016,
the following property was forfeited to the United States under 18 U.S.C. § 982(a)(1) and 18
U.S.C. § 981(a)(1)(C)/28 U.S.C. § 2461(c) for disposition in accordance with law, subject to the
provisions of 21 U.S.C. § 853(n) [as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C.
§ 2461(c)]:

- $25,409.53 seized from Chase Bank Account #xxxxx8051.

2.      Also in the Preliminary Order of Forfeiture, the following property was forfeited
to the United States under 18 U.S.C. § 981(a)(1)(C)/28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p)
for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n):

- The total amount of payments - $18,000.00 - defendant Dominick Palazzo made
to the United States (particularly, the checks were made payable to the United States Department

of the Treasury) between approximately December 2011 and January 2013.  This $18,000.00 was paid pursuant to an Agreement entered into between the United States, defendant Palazzo, and Extreme Marketing & Promotions, Inc. (an entity solely owned and operated by defendant Palazzo).

3.      Following the entry of a preliminary order of forfeiture, the United States is required to "publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct."  *See*, 21 U.S.C. § 853(n)(1).

4.      In accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, notice of the forfeiture was posted on an official government internet site for at least 30 consecutive days, beginning on March 1, 2016 and ending on March 30, 2016.

5.      No third party claims to the subject properties were made as a result of the internet notification.  (Docket)

6.      Based upon the foregoing, and in accordance with 21 U.S.C. § 853(n)(7), the United States is entitled to the entry of this Final Order of Forfeiture.[1]

**Accordingly, it is ORDERED, ADJUDGED, and DECREED:**

7.      The following property is finally forfeited to the United States under 18 U.S.C. § 982(a)(1) and 18 U.S.C. § 981(a)(1)(C)/28 U.S.C. § 2461(c), and no right, title, or interest shall exist in any other party:

•       $25,409.53 seized from Chase Bank Account #xxxxx8051.

---

[1]      In this regard, it is noted that defendant Palazzo has consented, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, that the forfeiture of the subject properties would become final as to him upon the Court's entry of the Preliminary Order of Forfeiture.  See, Dkt. No. 13: Preliminary Order of Forfeiture, at p. 3, n. 2.

8.  The following property is finally forfeited to the United States under 18 U.S.C. § 981(a)(1)(C)/28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), and no right, title, or interest shall exist in any other party:

• The total amount of payments - $18,000.00 - defendant Palazzo made to the United States (particularly, the checks were made payable to the United States Department of the Treasury) between approximately December 2011 and January 2013.  This $18,000.00 was paid pursuant to an Agreement entered into between the United States, defendant Palazzo, and Extreme Marketing & Promotions, Inc. (an entity solely owned and operated by defendant Palazzo).

9.  The United States shall seize and take control of the properties, and shall dispose of them in accordance with law.

10.  Finally, with respect to the forfeited properties, the United States Attorney's Office, Northern District of Ohio, has acknowledged its intent to seek authorization from the U.S. Department of Justice, Criminal Division, to disburse the amounts finally forfeited - through the restoration/petition for remission process - to the victim of defendant Palazzo's criminal activity.  Upon such disbursement, the amounts disbursed would be credited to any restitution amount determined at the sentencing hearing.  *See*, Dkt. No. 13: Preliminary Order of Forfeiture, at p. 4, para. 3(E).

SO ORDERED this 2nd day of June, 2016.


  */s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge, N.D. Ohio

3